UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

**EDWARD D. JACOBS, III**,

Plaintiff,

-against-

**NEW YORK STATE CORRECTIONS &
COMMUNITY SUPERVISION; SPO DIXON;
S.P.O RUSSELL; S.P.O SANDERS; P.O.
GRAVES; P.O. JOHNSON; P.O. KNOWINGS;
P.O. MARTINEZ; P.O. J. RICHARDS; P.O.
SUITE; P.O. TURNBULL; P.O. WILLIAMS;
ZAIRE MADDOX**,

Defendants.

-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-5980 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 14 2020 ★

BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge:

On October 18, 2019, the *pro se* plaintiff, Edward D. Jacobs III, currently incarcerated at

Watertown Correctional Facility, filed this Section 1983 action against the New York State

Department of Corrections & Community Supervision ("DOCCS"), parole officers and

supervisors at the facility, and Zaire Maddox, another inmate. (ECF No. 1.) On December 30,

2019, the plaintiff asked that I appoint *pro bono* counsel, and on January 6, 2020, he filed his

second amended complaint. (ECF Nos. 7, 9.) I grant the plaintiff's request to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915 and deny his request for *pro bono* counsel. For the

reasons that follow, I dismiss his second amended complaint, but grant him thirty days from the

date of this order to file a third amended complaint.

## BACKGROUND

The plaintiff is incarcerated in state prison on a parole violation. (ECF No. 9 at 4.) He alleges that parole officers and supervisors harassed him with hate speech in the form of "race baiting, gay bashing and sexual innuendos," which motivated Zaire Maddox, another inmate, to assault him on September 23, 2018. (*Id.* at 11.) The plaintiff seeks money damages and injunctive relief "against the totality of racially disparaging, homophobic and sexual discrimination-based practices and conditions of DOCCS parole supervision." (*Id.* at 2.) I construe the plaintiff's allegations as asserting Section 1983 claims for inadequate conditions of confinement and a failure to protect.

## STANDARD OF REVIEW

Because the plaintiff is proceeding *pro se*, I evaluate his pleadings by "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).[1] Nevertheless, his complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Similarly, a

---

[1] "This is especially true when dealing with *pro se* complaints alleging civil rights violations." *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (citation omitted).

complaint fails to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Furthermore, 28 U.S.C. § 1915(e)(2)(B), which allows poor plaintiffs to file lawsuits without paying the usual filing fee, requires a district court to dismiss a case when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## DISCUSSION

### I.     Improper Parties

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Ostroski v. Town of Southhold*, 443 F. Supp. 2d 325, 335 (E.D.N.Y. 2006) (citing *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979)). The conduct about which the plaintiff complains must (a) be attributable at least in part to action under the color of state law, and (b) deprive the plaintiff of a right guaranteed under the Constitution of the United States. *Id.* (citing *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999) (citation omitted)).

The first problem with the complaint is that it names two parties that cannot be sued under Section 1983—the New York State DOCCS and an inmate, Zaire Maddox. The Eleventh

3

Amendment bars suit against the New York State DOCCS because it is an arm of the state. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). As an arm of New York State, the New York DOCCS enjoys Eleventh Amendment immunity, and must be dismissed from this action. *See Morgan v. N.Y. State Dep't of Corr. & Cmty. Servs.*, No. 19-CV-4121, 2019 WL 5552349, at *2 (S.D.N.Y. Oct. 28, 2019) ("DOCCS, as an arm of the state, stands in the same position as the State of New York.") (internal quotation marks and citations omitted).

The plaintiff's fellow inmate, Zaire Maddox, cannot be sued under Section 1983 because he is a private person, not a state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("[T]he under-color-of-state law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (quotations omitted). Accordingly, the complaint is dismissed as to the New York State DOCCS and Zaire Maddox.

## II.     Inadequate Pleading

The plaintiff's amended complaint does not contain enough facts to state a Section 1983 claim for inadequate conditions of confinement or a failure to protect.

First, the amended complaint does not sufficiently describe the unconstitutional acts, except to say that they were in the form of "hate speech." The plaintiff must provide more factual detail about which individual defendants used or participated in the hate speech, what the defendants said to him and when they said it, and how the speech induced Zaire Maddox to attack the plaintiff.

4

Second, although the plaintiff names parole officers and supervisors as defendants, he does not explain what each of them did to violate his constitutional rights. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citations omitted). Furthermore, a supervisory official will not be found liable under Section 1983 simply by virtue of his "high position of authority." *Villafane v. Sposato*, No. 16-CV-3674, 2017 WL 4179855, at *12, (S.D.N.Y. Aug. 22, 2017) (quoting *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989) (citations omitted)), *report and recommendation adopted*, 2017 WL 4157220 (E.D.N.Y. Sept. 15, 2017). Rather, a plaintiff in a Section 1983 action must show that the supervisor was personally involved in a constitutional violation by: (1) directly participating in the violation; (2) failing to remedy the wrong after it comes to his attention; (3) creating a policy or custom under which unconstitutional practices occur, or allowing the continuation of such custom and policy; (4) being grossly negligent in supervising subordinates who committed the wrongful acts; or (5) failing to act on information indicating that unconstitutional acts are occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *see also Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*.").

Finally, "'[i]t is well settled law in this Circuit that 42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse.'" *Crandell v. Ross*, No. 19-CV-6552, 2020 WL 134576, at *3 (W.D.N.Y. Jan. 13, 2020) (quoting *Carl v. Dirie*, No. 09-CV-724, 2010 WL 3338566, at *7 (N.D.N.Y. Mar. 29, 2010) (internal citations omitted)). "Allegations of verbal harassment that do not result in a sufficiently serious injury do not rise to the level of [a constitutional

violation]." *Jackson v. Moochie*, No. 19-CV-1057, 2019 WL 6486119, at *6 (D. Conn. Dec. 3, 2019) (citing *Purcell v. Coughlin,* 790 F.2d 263, 265 (2d Cir. 1986) ("name calling" an incarcerated plaintiff did not amount to a constitutional violation)). Accordingly, the plaintiff must provide facts demonstrating how the defendants' verbal abuse caused Maddox to assault him.

**III.    Motion to Appoint Counsel**

The motion to appoint counsel is denied without prejudice. There is no right to counsel in a civil case. *Leftridge v. Conn. State Trooper Officer #1283*, 640 F.3d 62, 68-69 (2d Cir. 2011). The Court cannot compel an attorney to take a civil case free of charge. *Mallard v. United States District Court*, 490 U.S. 296, 298 (1989). The court can do no more than exercise its discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

A court deciding whether to ask a lawyer to take a case without being paid "should first determine whether the indigent's position seems likely to be of substance" and, if so, "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). At this time, and for the reasons described above, the plaintiff's case does not appear to be "of substance." Therefore, I am not going to ask a lawyer to represent the plaintiff at this point. The plaintiff can make the request again if he decides to file a third amended complaint.

6

## CONCLUSION

Accordingly, the plaintiff's claims against the New York State DOCCS and Zaire Maddox are dismissed. The plaintiff's request for *pro bono* counsel is denied without prejudice. The plaintiff's remaining claims are dismissed, but he has thirty days from the date of this order to file a third amended complaint that addresses the issues discussed above. If the plaintiff chooses to file a third amended complaint, it must set forth the factual allegations to support his claims against each named defendant in a clear and concise manner.

The plaintiff is advised that if he files an amended complaint, it will replace the current complaint. The third amended complaint must be captioned as "Third Amended Complaint" and must have the same docket number as this order. The Clerk of Court is directed to send a prisoner's civil rights complaint form to the plaintiff. If the plaintiff does not comply with this order within the time allowed, or fix the issues discussed above, I will dismiss this action. No summonses will issue at this time, and all further proceedings will be stayed for thirty days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      February 14, 2020